The order below is hereby signed.

Signed: August 9 2018



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DOUGLAS GEORGE JEFFERIES, | ) | Case No. 18-00545 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO SHORTEN TIME AND FOR EXPEDITED HEARING

The debtor filed a petition commencing the above-captioned bankruptcy case at 4:47 p.m. on August 8, 2018. Along with the petition, he filed an *Emergency Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) [or (4)]* (Dkt. No. 11). The debtor asserts that the automatic stay has not arisen in this case because he has had two cases dismissed within the last year. However, the debtor's first case, Case No. 16-00109, was not dismissed, but was closed upon the issue of a Final Decree. 11 U.S.C. §§ 362(c)(3) and (4) are designed to stop serial filings where cases are "dismissed" not "closed" and therefore, 11 U.S.C. § 362(c)(4) would not apply in this case. *In re Bremer*, 562 B.R. 903, 905 n. 4 (Bankr. W.D. Mich. 2017); *see also In re Mapp*, No. 06-10353, 2006 WL 6591850, at *1 (Bankr. N.D. Ga. 2006).

However, the property in question, 2220 Q Street, NW, Washington, D.C. 20008, is not subject to the automatic stay under this court's *Order Disposing of Motion for Relief From the Automatic Stay* issued in the debtor's most recent bankruptcy case, Case No. 18-00099, where the court:

> ORDERED that for a period of 180 days after March 16, 2018 (the date the automatic stay terminated in this case by reason of dismissal of this case):
>
>> (1) in any case filed under the Bankruptcy Code (in this court or any other court) regarding Douglas George Jefferies as the debtor; and
>>
>> (2) in any case filed under the Bankruptcy Code (in this court or any other court) in which the real property known as 2220 Q Street NW, Washington, DC 20008 (the "Property") becomes property of the estate at any point,
>
> the automatic stay arising in such case under 11 U.S.C. § 362(a) shall not apply with respect to acts of the Movant [U.S. Bankr, National Association as Legal Title Trustee for Truman 2012 sc2 Title Trust serviced by Rushmore Loan Management Services] and/or its successors and assigns to avail itself of its rights under nonbankruptcy law to enforce its claims against the Property, including but not limited to:
>
>> (1) the initiation or resumption of foreclosure proceedings regarding the Property and prosecution of such proceedings in the Superior Court of the District of Columbia;
>>
>> (2) having a foreclosure sale of the Property held;
>>
>> (3) obtaining (if required by nonbankruptcy law) ratification by the Superior Court of the foreclosure sale of the Property; and
>>
>> (4) having title to the Property transferred to the successful purchaser at the foreclosure sale; and

>>(5) acts of any entity that becomes the successful purchaser of the Property at a foreclosure sale to obtain possession of the Property.

Accordingly, while 11 U.S.C. § 362(c)(4) does not apply to cause the automatic stay to not arise, nevertheless the automatic stay does not arise under this court's previous order.

The debtor seeks the imposition of the automatic stay pursuant to 11 U.S.C. 362(c)(4)(B) in order to avoid a foreclosure sale of his property that is scheduled for August 9, 2018, at 11:37 a.m.  He asks that the hearing on his *Motion to Impose the Automatic Stay* be set for some time prior to August 9, 2018, at 10:00 a.m.

The debtor seeks relief under 11 U.S.C. § 362(c)(4), which does not apply, when the debtor must seek relief from the previous order under Fed. R. Civ. P. 60, made applicable under Fed. R. Bankr. P. 9024.  The debtor has not shown that he is entitled to relief under Rule 60.

Furthermore, the debtor has not filed his motion to set an expedited hearing within a reasonable period of time ahead of the scheduled foreclosure sale.  As a matter of due process, given the context of the relief sought, the motion is one that ought not be granted without notice and a hearing even though Rule 60 does not expressly require notice and a hearing.  Pursuant to 11 U.S.C. § 102(a), "after notice and a hearing" refers to "notice as is appropriate in the particular circumstances, and such

opportunity for a hearing as is appropriate in the particular circumstances[.]"  Moreover, Fed. R. Bankr. P. 9006(d) contemplates generally giving notice of a motion seven days in advance of the hearing, and that a respondent will be able to file an opposition one day before the hearing.  Filing a motion requesting a hearing prior to a foreclosure sale set for the next morning simply does not leave sufficient time for meaningful notice to affected creditors of the hearing and does not leave sufficient time for the affected creditors to arrange to attend the hearing.  It would not be appropriate to shorten the notice period under Rule 9006(d) to less than 24 hours.  It is thus

ORDERED that the *Emergency Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) [or (4)]* (Dkt. No. 11) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.